IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **RICHARD CLYDE WARE III,** § | | |
| Petitioner, § | | |
| § | | |
| v. § | | Civil Action No. 4:04-CV-934-Y |
| § | | |
| **DOUGLAS DRETKE, DIRECTOR,** § | | |
| **TEXAS DEPARTMENT OF CRIMINAL** § | | |
| **JUSTICE, CORRECTIONAL INSTITUTIONS** § | | |
| **DIVISION,** § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

## I.  FINDINGS AND CONCLUSIONS

### A.  NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

### B.  PARTIES

Petitioner Richard Clyde Ware III, TDCJ-ID #1007995, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Huntsville, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

### C.  FACTUAL AND PROCEDURAL HISTORY

In 1999 Ware was charged in a two-count indictment with aggravated sexual assault of S.W.

and indecency with S.W. (Clerk's R. at 3.) The offenses occurred in 1996, when S.W., Ware's daughter, was five or six years old. (3Reporter's R. at 102.) In August 2000, a jury found Ware guilty on both counts, and the trial court assessed his punishment at seventy-five years' confinement on count one and ten years' confinement on count two. (Clerk's R. at 45, 74.) Ware appealed his convictions, but the Second District Court of Appeals affirmed the trial court's judgment in a published opinion on December 6, 2001. *Ware v. Texas*, 62 S.W.3d 344 (Tex. App.–Fort Worth 2001, pet. ref'd). On September 11, 2002, the Texas Court of Criminal Appeals refused Ware's petition for discretionary review. *Ware v. Texas*, PDR No. 26-02. Ware did not seek writ of certiorari. (Petition at 3.)

In addition, Ware has filed two state applications for writ of habeas corpus raising one or more of the claims presented herein. The first was denied by the Texas Court of Criminal Appeals on the merits without written order. *Ex parte Ware*, No. 58,199-01, at cover. The second was dismissed as successive under article 11.07, § 4 of the Texas Code of Criminal Procedure. *Ex parte Ware*, No. 58,199-02, at cover. Ware filed this federal petition for writ of habeas corpus on December 14, 2004. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (holding pro se habeas petition filed when papers delivered to prison authorities for mailing).

## D. ISSUES

In four grounds, Ware raises the following claims:

(1) He is actually innocent and the state suppressed material evidence;
(2) He received ineffective assistance of trial counsel;
(3) The trial and appellate courts abused their discretion by conducting/affirming nunc pro tunc resentencing after an appeal was taken; and
(4) Inadmissible hearsay testimony was admitted at trial. (Petition at 7-8.)

E. RULE 5 STATEMENT

Dretke believes that one or more of Ware's claims are unexhausted and/or procedurally barred from federal habeas review. (Resp't Answer at 6-8, 10-12, 17-18, 22.)

F. DISCUSSION

1. Legal Standard for Granting Habeas Corpus Relief

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. 28 U.S.C. § 2254(e)(1). Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated

3

...

on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2), (e); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399. This presumption of correctness applies to both explicit findings of fact and those findings of fact implicit in the state court's mixed law and fact conclusions. *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001). The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion, as here, it is an adjudication on the merits, which is entitled to this presumption. *Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002), *cert. denied*, 537 U.S. 1104 (2003); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

### 2. Actual Innocence and Lost Evidence

Under his first claim, Ware contends that he is actually innocent of the offenses and that the state lost material evidence, the videotaped interview of S.W., which was the only evidence that could have impeached the child's testimony or provided a possible defense. (Petition at 7; Pet'r Memorandum at 1-12.) According to Ware, the videotape would have also implicated someone else as the culprit, namely Robert "Richard" P., the child's stepfather, the only man S.W. knew as her father and who had access to S.W. during the relevant time period. (Pet'r Memorandum at 17.)

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting federal collateral relief. 28 U.S.C. § 2254(b)(1); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v.*

*Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). This requires that the state court be given a fair opportunity to pass on the claim, which in turn requires that the applicant present his claims before the state courts in a procedurally proper manner according to the rules of the state courts. *Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or a post-conviction habeas corpus proceeding pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp. 2005); *Anderson v. Johnson*, 338 F.3d 382, 388 n.22 (5th Cir. 2003).

Ware concedes that he did not raise his first claim until he filed his second state habeas application, which was dismissed as successive by the Texas Court of Criminal Appeals under article 11.07, § 4 of the Texas Code of Criminal Procedure. That provision prohibits an applicant from filing a successive state habeas application raising issues that existed at the time of a previous habeas application and could have been raised therein, unless the factual or legal basis for the claim was unavailable to the applicant. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a)(1); *Ex parte Barber*, 879 S.W.2d 889, 891 n.1 (Tex. Crim. App. 1994). A factual basis of a claim is unavailable if it was not ascertainable through the exercise of due diligence on or before the date the previous application was filed. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4©).

The procedural default doctrine bars federal habeas review of a prisoner's claim if a state

court clearly and expressly bases its dismissal of the claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal. *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991); *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997). This rule applies whether the default occurred at trial, on appeal, or on state collateral attack. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). The Fifth Circuit has recognized that article 11.07, § 4 is an adequate and independent state procedural ground to bar federal habeas review. *See Smith v. Johnson*, 216 F.3d 521, 523 (5th Cir. 2000); *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995); *see also Stewart v. Smith*, 536 U.S. 856, 857-61 (2002) (holding Arizona court's dismissal of petitioner's successive petition for state postconviction relief was independent of federal law). To overcome the procedural bar, a petitioner must show either (1) cause for the default and actual prejudice, or (2) that the federal court's failure to consider the claim will result in a miscarriage of justice. *Coleman*, 501 U.S. at 750-51; *Smith*, 216 F.3d at 524.

In an effort to demonstrate cause for his default, Ware contends that counsel was ineffective by failing to investigate the existence and content of the videotape and objecting to its loss at trial, that the unavailability of the videotape was the result of interference and hindrance by public officials, and that the state prosecutor's statements at trial regarding the loss of the videotape misled him into believing that no constitutional violation had occurred. (Pet'r Memorandum at 8-12.) These reasons do not, however, explain Ware's failure to raise the issue in his first state habeas application. Ware also contends that the factual predicate for his claim did not exist at the time of the procedural default and could not have been discovered with the exercise of due diligence. This is a misstatement of the facts. Ware and his counsel were aware of the loss of the videotape, at the latest, during the pretrial hearing conducted on August 21, 2000, when the matter was revealed to

the trial court. (2Reporter's R. at 10-11.)

Ware contends that he was prejudiced because the state's case was so weak that the jury was forced to decide his guilt or innocence merely on whose testimony they believed the most, the child's or his. (Petitioner's Memorandum at 10.) Often in sexual assault cases, however, juries are forced to make decisions based on the competing testimonies of the victim and the accuser. Such credibility assessments are squarely within the jury's domain. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979). Finally, Ware contends that a grave misarrange of justice will occur if the court does not entertain his claim because he is innocent of the charges. However, he presents no new evidence in support of his actual innocence claim. *See Schlup v. Delo*, 513 U.S. 298, 327-28 (1995). Nor has he shown that the videotape would have established his innocence. The record shows that a supplemental report prepared by a Detective Gilbert after viewing the videotape and a synopsis prepared by Rene Thompson, the individual who took the child's videotaped statement, were made available to the defense prior to trial. (2Reporter's R. at 11.) Although a copy of Thompson's synopsis is not included in the exhibits filed in this action, Ware has included a copy of the supplemental report by the detective, which reflects various details of the abuse as conveyed by S.W. and certain statements made by S.W. during the interview. (Petition, Exhibit A.) The report coincides with the child's identification of Ware at trial as the person who sexually assaulted her and the child's testimony at trial regarding certain aspects of the abuse. (3Reporter's R. at 115-16.) The report indicates that at the time of the interview, S.W. identified "Richard, her dad" as the person who sexually assaulted her. S.W. testified at trial that she thought of Robert P. as her father, but that Ware told her he was her father, and not Robert P., and there is no evidence that S.W. knew Robert P. as "Richard." (*Id.* at 102, 113.) In fact, S.W. testified on cross-examination that she did not know

7

Robert P.'s full name or know him by any other name. (3Reporter's R. at 125.) Thus, contrary to Ware's assertion, it is unlikely that the videotape would have contradicted the child's testimony at trial.

Because Ware has not demonstrated cause and prejudice for the procedural default of his first claim or that imposition of the procedural bar would constitute a miscarriage of justice, the claim is procedurally barred from this court's review.

## 2. Ineffective Assistance of Counsel

Under his second claim, Ware contends he received ineffective assistance of trial counsel because counsel (1) failed to investigate the facts and law relevant to the case, (2) failed to interview prosecution and defense witnesses before trial, and (3) failed to review, discover, or object to the loss of the videotaped interview of S.W. or to subpoena or review school records, medical records, police reports of incidents occurring at S.W.'s residence, personal diaries, and/or computer or photographs in her possession.[1] (Petition at 7; Pet'r Memorandum at 12-27.)

A criminal defendant has a constitutional right to the effective assistance of counsel at trial. U.S. CONST. amend. VI; *Strickland v. Washington*, 466 U.S. 668, 688 (1984). An ineffective assistance claim is governed by the standards set forth in *Strickland.* 466 U.S. at 688. To establish ineffective assistance of counsel a petitioner must show (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland*,

---

[1]Dretke contends that one or more of Ware's ineffective assistance claims are unexhausted and procedurally barred. (Resp't Answer at 10-13.) Upon review of the state court records, however, it is clear that Ware raised all his ineffective assistance claims, albeit more generally perhaps, in his first state habeas application. (1State Habeas R. at 18-22.)

8

466 U.S. at 688. A court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance or sound trial strategy. *Id*. at 668, 688-89. Judicial scrutiny of counsel's performance must be highly deferential and every effort must be made to eliminate the distorting effects of hindsight. *Id.* at 689. Where, as here, a petitioner's ineffective assistance claims have been reviewed on the merits under the *Strickland* standard and denied by the state courts, federal habeas relief will be granted only if the state courts' decision was contrary to or involved an unreasonable application of *Strickland*, or if the state courts' decision is based on an unreasonable determination of the facts in light of the evidence before the court. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002); *Pondexter v. Dretke*, 346 F.3d 142, 145-46 (5th Cir. 2003), *cert. denied*, 522 U.S. 825 (2004). Under this standard, the state courts' application of *Strickland* must be shown to be not only erroneous, but objectively unreasonable. *Yarborough v. Gentry*, 540 U.S. 1, 4 (2003).

After holding a hearing by affidavit on Ware's claims, the state habeas court entered findings of fact refuting Ware's allegations of ineffective assistance. (1State Habeas R. at 49-61.) Based on those findings, and applying the *Strickland* standard, the court determined that Ware received effective assistance of counsel and recommended denial of habeas relief. (*Id.* at 57-58.) In turn, the Texas Court of Criminal Appeals denied relief without written order. *Ex parte Ware*, No. 58,199-01, cover. Ware attempts to discredit counsel's affidavit, as he did in state court, by asserting that counsel perjured himself in the affidavit and by pointing out discrepancies between counsel's statements in the affidavit and the state court record. (Pet'r Memorandum at 12-27.) The state habeas court, however, is responsible for making credibility determinations and resolving any inconsistencies in counsels' affidavit. *See Livingston v. Johnson*, 107 F.3d 297, 303 (5th Cir. 1997). The court apparently accorded credibility to counsel's affidavit, and this credibility determination

9

is entitled to a presumption of correctness. *See Carter v. Johnson*, 131 F.3d 452, 464 (5th Cir. 1997).

Moreover, a petitioner alleging counsel's inadequate investigation must show what a more thorough investigation would have uncovered and how it would have benefitted the defense. *See Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993); *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1987). Conclusory allegations do not state a claim for federal habeas corpus relief. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990). Petitioner has not shown, via affidavit or other credible evidence, what further investigation would have revealed or how it would have led to a different result. A court cannot consider a habeas petitioner's mere assertions on a critical issue in his pro se petition to be of probative evidentiary value. *See Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994); *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983). Thus, assuming the state trial court's factual findings to be correct, it does not appear that the state courts applied *Strickland* in an objectively unreasonable manner. *See Bell*, 535 U.S. at 698.

Ware also contends that the hearing by affidavit was inadequate to afford him a full and fair hearing on his claims. (*Id.* at 23.) A paper hearing, however, is sufficient to afford a petitioner a full and fair hearing on the factual issues underlying his claims, especially where as here, the trial court and the state habeas court were one and the same. *See Hill v. Johnson*, 210 F.3d 481, 489 (5th Cir. 2000); *Murphy v. Johnson*, 205 F.3d 809, 816 (5th Cir. 2000); *Perillo v. Johnson*, 79 F.3d 441, 446-47 (5th Cir. 1996).

### 3.  State Court Error

Under his third claim, Ware contends that the trial court erred and exceeded its authority under Rule 23.1 of the Texas Rules of Appellate Procedure by entering a nunc pro tunc order correcting his sentence after he had perfected his appeal and that the appellate erred by allowing the

trial court to do so. (Petition at 7; Pet'r Memorandum at 32.) TEX R. APP. P. 23.1.[2] The trial court's original judgment was entered on August 24, 2000, and reflects that the court assessed Ware's punishment at seventy-five years' confinement without specifically mentioning either count. (Clerk's R. at 45.) On the same day, Ware filed a notice of appeal. (*Id.* at 59.) Thereafter, on September 29, 2000, Ware filed a motion for new trial, complaining that the trial court erred in sentencing him to seventy-five years on count two, which was outside the punishment range for the offense. (*Id.* at 70-71.) On October 4, 2000, the trial court held a second punishment hearing, at which time it entered a nunc pro tunc order correcting the original judgment to show Ware was sentenced to seventy-five years' confinement on count one and ten years' confinement on count two. (*Id.* at 74.) On appeal, the appellate court, interpreting Rule 23.1, concluded that the timing of the trial court's second sentencing hearing did not present error because, under state law, the trial court could act at any time prior to the appellate record being filed in the court of appeals. *Ware*, 62 S.W.3d 353-55.

Ware generally asserts that the imposition of a sentence in a criminal case affects an accused's due process liberty interest and thus is of constitutional dimension. (Pet'r Memorandum at 31.) He fails, however, to demonstrate how the state court procedure resulted in a federal constitutional violation, and no authority is found to support any such proposition. Federal habeas corpus relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A

---

[2]Rule 23.1 provides:

Unless the trial court has granted a new trial or arrested the judgment, or unless the defendant has appealed, a failure to render judgement and pronounce sentence may be correct at any time by the court's doing so.

state's interpretation of its own rules or statutes does not raise a federal constitutional issue.  See *Moreno v. Estelle*, 717 F.2d 171, 179 (5th Cir. 1983).

### 4.  Hearsay Testimony

Under his fourth claim, Ware contends the trial and appellate courts abused their discretion by overruling his objection to hearsay testimony by the examining doctor that S.W.'s grandmother told her that S.W. "was afraid and did not want to go back."  (Petition at 8; Pet'r Memorandum at 33-36.)  The appellate court held that the testimony was admissible under Rule 803(4) of the Texas Rules of Evidence as a statement pertinent to the doctor's medical diagnosis and treatment.  (3Reporter's R. at 34-35.)  *Ware*, 62 S.W.3d at 350-51; TEX. R. EVID. 803(4).

Ware relied only upon Texas evidentiary rules and case law in support of his claim against admissibility in the state courts, other than a general statement that a conviction and punishment based upon incompetent evidence denies due process of law and the right to a fair trial.  *Ware*, No. 2-00-428-CR, App. Br. at 36-39; *Ware*, PDR at 10-13; *Ex parte Ware*, Application No. 58,199-01, at 29-31.  He now cites to the Fifth Amendment of the United States Constitution in support of his argument.  However, if a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him rights guaranteed by the federal constitution, he must say so, not only in federal court, but in state court.  28 U.S.C. § 2254(b)(1)(A); *Duncan v. Henry*, 513 U.S. 364, 366 (1995); *Picard v. Connor*, 404 U.S. 270, 275 (1971).  Thus, to the extent Ware claims admission of the testimony violated federal due process, the claim is unexhausted and procedurally barred.  *See* 28 U.S.C. § 2254(b)(1), and discussion *supra*.

Absent a federal constitutional violation, erroneously admitted evidence will mandate habeas relief only if the error is so extreme that it constitutes a denial of fundamental fairness.  *See Little*

*v. Johnson*, 162 F.3d 855, 862 (5th Cir. 1998); *Evans v. McCotter*, 790 F.2d 1232, 1238 n.6 (5th Cir. 1986); *Webb v. Blackburn* 773 F.2d 646, 651-52 (5th Cir. 1985).  This requires that the wrongly admitted evidence play a crucial, critical, and highly significant role in the trial.  *See Pemberton v. Collins*, 991 F.2d 1218, 1227 (5th Cir. 1993); *Skillern v. Estelle*, 720 F.2d 839, 852 (5th Cir. 1983).  Ware has failed to demonstrate that the complained of evidence was critical to the outcome of his trial so as to render his trial fundamentally unfair.  Furthermore, assuming the jury believed the testimony of S.W., there existed sufficient evidence upon which to convict Ware of the charged offenses.

## II.  RECOMMENDATION

Ware has failed to show that he is entitled to federal habeas relief under 28 U.S.C. § 2254.  Accordingly, his petition for writ of habeas corpus should be denied.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 10, 2005.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual

finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until May 10, 2005, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 19, 2005.

       s/s Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE